JAMES D. STEVENS vs. JESSE THOMPSON.

A defendant will be let in to plead and defend, after default and judgment, having merits which he asserts he wishes and intends to interpose; where he has evidently been misled by plaintiff in taking his default, although unintentionally.

*Motion by defendant Thompson to set aside default and subsequent proceedings.*—This was a proceeding for the determination of a claim to real

estate under Rev. Stat. part 3, Ch. 5, Tit. 2. The ordinary notice was served personally on said Thompson, October 29, 1844, and the usual rule to appear and plead was entered November 1, 1844. The default was taken on the 9th January, 1845, and judgment perfected 22d January, 1845. About twenty-five days after the service, Thompson the defendant sent the notice to Kirkland & Bacon his attorneys at Utica, with a request not to do anything in the matter until it became necessary, as he hoped to be able to settle it. On the 25th of December, Thompson called on Kirkland & Bacon, and Kirkland told him he had seen O. S. Williams, Stebbins' attorney, and Williams told him that no rule had been entered in the matter, and that he did not know when he should enter one. On the 27th December, Thompson sent to Williams a letter as follows: "I saw Mr. Kirkland on the 25th inst., and he wished me to ask you if you had entered *any rule* in the Stebbins land suit yet; if so, *when?* If no rule is yet entered, will you apprise him or me when you do enter such rule. Please say on this paper, and oblige yours." In answer, O. S. Williams, Esq., wrote the following: "In reply to above I would say, that no rule has been entered in the Stebbins matter, and when any will, is more than I can tell. I have not looked into the matter much, but shall do so before long." This letter, containing both communications, was sent by Thompson to Kirkland & Bacon. A few days after this communication was had, Thompson called at Williams's office, and Williams informed him that he would inform him, Thompson, or Kirkland & Bacon, when any rule was entered. Kirkland & Bacon, relying upon what had transpired between them and Williams, and also between Thompson and Williams, took no farther means of ascertaining that a rule had been entered, and heard nothing farther from it until the last January term of this court: Kirkland, while in attendance upon the court, happened to discover a rule for default entered in the clerk's minutes against Thompson for not pleading, bearing date January 9, 1845. Thompson swears to merits and a good cause of action. Williams explained by saying, that on or about the 9th of December, he met Kirkland in the cars, when a conversation was had respecting this suit, and Kirkland enquired of Williams in these words: "You have not entered any default, I suppose?" to which Williams answered he had not, as the time to plead had not expired. Kirkland then asked when the time to plead would expire; to which Williams replied, he did not recollect precisely, but thought it would be some time in the next week. Kirkland then asked *if it* was necessary to serve a notice of the rule to appear and plead, on Thompson; to which Williams replied it was not, as he understood the

practice. Kirkland said he must look into the matter, and Williams said he must do the same, as the practice was not familiar to him. In the last expression Williams said he had particular reference to the practice in regard to entering default and perfecting judgment in such cases. Williams said that it was possible that Kirkland, in his first enquiry, used the word *rule* instead of *default*, as the cars were going, and there being considerable noise; but thinks not: and as to the rest of the conversation at that time, he had a distinct recollection of its being correct. Williams said that he had in mind the conversation with Kirkland when Thompson sent him a letter, and supposed that the rule enquired about was a rule for default; and so in the subsequent conversation with Thompson, he supposed he was to give Kirkland & Bacon notice when he had entered the rule for default, as Thompson requested; which he called on Kirkland and Bacon to do the next time he was in Utica after the default was entered.

A. Taber, *Defts Counsel.*     Kirkland & Bacon, *Defts Attys.*

R. W. Peckham, *Plffs Counsel.*     O. S. Williams, *Plffs Atty.*

Bronson, Chief Justice.—Stebbins has been regular in his proceedings. Most of the questions mentioned at the bar, have already been decided— (Platt vs. Torry, 18 Wend. 572; and a case decided within the last year not yet published.) But Thompson swears to merits and a good cause of action; and there has been a very great misunderstanding in relation to this matter between him and his attorney on the one side, and the attorney for Stebbins on the other. I do not think there was any intention to mislead on the part of Mr. Williams, either in what he said or in what he wrote; but still it is difficult to deny, on these papers, that the opposite attorneys have been misled. True, I do not see why Thompson should have been waiting for a rule; he might have brought his action to recover the land. But as he swears to a good title, and the intention to assert it, I think he should be allowed an opportunity to do so.

*Decision.*—Ordered that Thompson be at liberty at any time, within twenty days to appear, and either to plead or declare, pursuant to the statute. And in case he shall do so, then the default and judgment which have been entered by Stebbins, shall be set aside as of this day.